```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

```
LADONNA MOORE,                     )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )
                                   )    No. 05-2856 Ml/P
JO ANNE B. BARNHART,               )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
     Defendant.                    )
                                   )
```
_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND ORDER DENYING PETITION FOR ATTORNEY FEES**
_____

Before the Court is Defendant's Motion to Dismiss and Response to Request for Attorney's Fees, filed January 9, 2006. Plaintiff has not filed a response.

On November 21, 2005, Plaintiff filed the instant action alleging that she had not received the full amount of disability benefits awarded to her by the Appeals Council of the Social Security Administration.  Plaintiff's Complaint states that on July 12, 2005, the Appeals Council found that Plaintiff had been disabled since April 18, 2003, and thus was entitled to receive past-due disability benefits from that date forward.  The Notice of Award that Plaintiff received on September 28, 2005, however, stated that her past-due disability benefits were to be calculated from December 2004, not April 18, 2003.

In her Complaint, Plaintiff also alleges that her attorney's fees had not been properly withheld from her benefit payments. In addition, on December 28, 2005, Plaintiff filed a Petition for Attorney Fees, in which she requested that the Court approve payment to her attorney of 25 percent of the disability benefits that she has received to date.

Defendant moves to dismiss Plaintiff's Complaint and the Petition for Attorney's Fees for failure to state a claim and for lack of subject matter jurisdiction.  Defendant notes that while Plaintiff's September 28, 2005, Notice of Award did contain a "calculation error," the Agency "has since corrected that error." Although Plaintiff failed to respond to Defendant's motion to dismiss, she appeared to acknowledge this correction in her Petition for Attorney Fees, filed on December 28, 2005, by stating that she "has been informed by the Defendant that there will be an adjustment and that a mistake has been made[.]" (Petition for Attorney Fees 1.)

Pursuant to Local Rule 7.2(a)(2) and Federal Rule of Civil Procedure 6, Plaintiff's response to Defendant's motion to dismiss was due by February 9, 2006.  In view of the fact that Defendant has apparently corrected the error in the Notice of Award, as well as the fact that Plaintiff did not respond to Defendant's motion, the Court GRANTS Defendant's motion to dismiss Plaintiff's Complaint.

Defendant contends that Plaintiff's counsel "has already been paid the maximum fee that he can receive for representing Plaintiff before the Agency," and therefore, that Plaintiff's Petition for Attorney Fees should also be dismissed as moot.  As noted above, Plaintiff has not responded to Defendant's motion to dismiss.  Moreover, since the Court did not award Plaintiff's disability benefits, it does not have the jurisdiction to determine or review the amount of attorney fees to which Plaintiff's counsel may be entitled.  McCarthy v. Sec'y of Health & Human Svcs., 793 F.2d 741, 742 (6th Cir. 1986).  Nor does the Court have the authority to order that any fees be withheld and paid directly to Plaintiff's attorney out of Plaintiff's award.  Id. at 745.  Accordingly, Plaintiff's Petition for Attorney Fees is also DENIED.

       So ORDERED this 1st day of May, 2006.

                                      /s/ Jon P. McCalla
                                      JON P. McCALLA
                                      UNITED STATES DISTRICT JUDGE